UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

Salvador Fuentes-Maldonado,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 04-179(1) ADM/AJB
Civil No. 06-326 ADM

_____

Jeffrey S. Paulsen, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Salvador Fuentes-Maldonado, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Salvador Fuentes-Maldonado's ("Defendant") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") [Criminal Docket No. 72, Civil Docket No. 1]. Defendant argues ineffective assistance of counsel based on his counsel's failure to pursue a minor-role adjustment and that his rights under the Sixth Amendment were violated when certain drug amounts were attributed to him at sentencing. For the reasons set forth below, Defendant's Motion is denied.

## II. BACKGROUND

On July 6, 2004, Defendant pled guilty to one count of conspiracy to distribute more than 500 grams of a mixture containing more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 [Docket No. 44]. On October 5, 2004, Defendant was sentenced to 87 months imprisonment [Docket No. 65]. Defendant was assigned to the Federal

Correctional Institution in Beaumont, Texas ("FCI-Beaumont"). Defendant did not appeal his sentence. Therefore, Defendant's conviction became final on October 19, 2004. See Fed. R. App. P. 26 (a)(1)(2)(3)(4) (discussing computation of time); see also Fed. R. App. P. 4(b)(1)(A)(i)(ii) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal"); see also Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999) ("[i]f a defendant does not pursue a direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such appeal expired").

### III. DISCUSSION

**A.  Defendant's Motion to Vacate is Time Barred**

Defendant filed his 28 U.S.C. § 2255 Motion to Vacate on or about January 17, 2006.[1] Section 2255 provides persons in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979). Section 2255 contains a limitation provision, which states:

> The limitation period shall run from the latest of– (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

---

[1] There is room for confusion as to the precise date of filing. The Case Management and Electronic Case Filing System lists the filing date of Defendant's Motion to Vacate as January 17, 2006, but it also notes that the criminal unit in St. Paul, Minnesota received Defendant's Motion to Vacate on January 24, 2006. Defendant alleges he placed his Motion to Vacate in the prison mailing system on January 11, 2006. See Defendant's Motion to Vacate at 14. The exact date of filing, however, does not change the analysis here.

such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Given any of the putative filing dates, Defendant's Motion to Vacate was filed nearly three months after the one year period following the finality of Defendant's sentence (October 19, 2004) and thus is time barred.

Defendant implicitly references the doctrine of equitable tolling as set forth in Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) to defeat the time bar.  Motion to Vacate at 13.  Defendant states that Hurricane Rita disrupted the normal operations of FCI-Beaumont from September 23, 2005 to November 3, 2005, a period of 42 days.  Id.  Kreutzer states that the time limitation on a Section 2255 motion may be extended by equitable tolling "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  231 F.3d at 463.  Whether or not Hurricane Rita constitutes an extraordinary circumstance envisioned by Kreutzer need not be decided, since Defendant's Motion to Vacate was filed much later than the 42 days of disruption at FCI-Beaumont attributable to Hurricane Rita.

**B.     Ineffective Assistance of Counsel**

Were the Court to consider Defendant's substantive arguments, the result would not change.  Defendant argues that he received ineffective assistance of counsel because his attorney did not seek a minor-role reduction to be applied to his sentence.  "[A] guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'"  Strickland v. Washington, 466 U.S. 668, 688 (1984) quoting McMann v.

Richardson, 397 U.S. 759, 771 (1970). Additionally, Defendant must demonstrate he was prejudiced by counsel's error. Allen v. Nix, 55 F.3d 414, 417 (8th Cir. 1995).

According to the plea agreement, Defendant agreed that he was an average participant in the conspiracy. Plea Agreement [Docket No. 47] at 5, ¶ 9. Moreover, Defendant's sworn testimony given during his change of plea hearing shows that Defendant was actively engaged in multiple sales of methamphetamine from January 16, 2004 to March 19, 2004 and that Defendant participated in the sale of approximately 12-15 pounds of methamphetamine. See Transcript of Excerpt from Change of Plea [Docket No. 55]. Given the undisputed facts, Defendant was not a minor participant and his counsel's failure to so argue resulted in no prejudice to the Defendant.

**C. Booker Arguments Cannot Be Raised on Collateral Review**

In United States v. Booker, 543 U.S. 220, 231-233 (2005), the U.S. Supreme Court applied the principles first announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and affirmed in Blakely v. Washington, 542 U.S. 296, 303-04 (2004), which require sentencing to be based on facts admitted by the defendant or found by the jury. Defendant argues that the standards clarified in Booker should be retroactively applied, and available to him on collateral review as part of his Motion to Vacate.

The Eighth Circuit has held that the standards clarified in Booker are not be retroactively applied, and are not available to a defendant on collateral review. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). The Eighth Circuit found that the Booker rule was a new procedural rule, and that it did not apply retroactively under the "watershed magnitude" exception. Id. Therefore, the Booker rule "does not apply to criminal convictions

that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Id.  Defendant's conviction in the instant case became final on October 19, 2004, which was 3 months before Booker was decided on January 12, 2005.  Accordingly, Defendant's Booker claim is not a ground for relief.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Criminal Docket No. 72, Civil Docket No. 1] is **DENIED**.

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 11, 2006.